IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| ASHLEY BURNS, | : | Case No. 1:21-cv-580 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| WALMART INC., et al., | : | |
| Defendants. | : | |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**(Doc. 29)**

This matter is before the Court on Defendant Walmart Inc.'s Motion for Summary Judgment (Doc. 29). Plaintiff Ashley Burns filed a Response in Opposition to the motion (Doc. 33)[1], to which Walmart filed a Reply in Support (Doc. 36). Thus, this matter is ripe for review. For the reasons below, Walmart's Motion for Summary Judgment (Doc. 29) is **DENIED**.

**FACTS**

On October 24, 2019, Burns and her daughter were shopping at a Walmart store in Cincinnati, Ohio. (Burns Dep., Doc. 24, Pg. ID 423-24; Compl., Doc. 4, ¶ 10.) While walking through the store, Burns slipped on a puddle of an unidentified substance and

---

[1] Walmart requests that the Court disregard Burns' response in opposition to its motion for summary judgment because it was filed out of time. (Reply in Support, Doc. 36, Pg. ID 680.) But "[e]ven where a party offers no timely response to [a] [] motion for summary judgment, the District Court [may] not use that as a reason for granting summary judgment without first examining all the materials properly before it under Rule 56(c)." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014) (quotation omitted). So, in the interest of justice, the Court will consider Burns' response brief in deciding Walmart's motion.

fell. (Burns Dep., Doc. 24, Pg. ID 246.) Burns maintains that the puddle was about a foot in diameter and consisted of a thick, clear, and chemical-smelling substance. (*Id.* at Pg. ID 432-36.) Photos taken after the fall show black marks on the floor where Burns fell. (*Id.* at Pg. 515-19.) Burns maintains that those marks appeared after the fall and are likely shoe markings. (*Id.* at Pg. ID 429-32, 445.)

After Burns fell, another Walmart customer, Shandell Godfrey, approached her. (Burns Dep., Doc. 24, Pg. ID 427-40; Godfrey Aff., Doc. 32, Pg. ID 605.) Godfrey explained to Burns that she had also slipped on the puddle and had told a Walmart employee to clean it up. (*Id.*) When the employee did not start cleaning up the puddle, Godfrey went to find another employee. (*Id.*) While informing the second employee of the puddle, Burns fell. (*Id.*)

Later that day, Burns presented at Mercy Hospital West's emergency room with pain in her right side, specifically in her ankle, chest, hip, and shoulder. (Burns Dep., Doc. 24, Pg. ID 447-49.) At that visit, doctors informed Burns that she had a torn rotator cuff in her right shoulder and possible tendon damage in her right ankle. (*Id.* at Pg. ID 470.) The doctors recommended that Burns see a specialist and begin physical therapy for her injuries. (*Id.* at Pg. ID 470, 475.)

On November 6, 2019, Burns received x-rays at Mercy West Ortho and Spine, where doctors noted no fracture in Burns' right ankle. (Burns Dep., Doc. 24, Pg. ID 471.) In February 2020, Burns went to Saint Claire Regional Medical Center for further imaging on her ankle and shoulder. (*Id.* at Pg. ID 474.) There, doctors did not find a tear in Burns' shoulder, but directed Burns to receive more specialized imaging. (*Id.*)

2

Around this time, the coronavirus pandemic began. (Burns Dep., Doc. 24, Pg. ID 472.) So, all treatments and doctor appointments related to Burns' injuries were suspended. (*Id.* at Pg. ID 472, 475.)

In the meantime, Burns was taken to the hospital by a police officer for an asthma attack in March 2020. (Burns Dep., Doc. 24, Pg. ID 477-78.) While being transported, Burns was handcuffed and rolled around in the back seat of the police cruiser. (*Id.* at Pg. ID 480.) Burns experienced shoulder pain during that incident. (*Id.*)

In September 2020, Burns presented at Grant Medical Center for further imaging for her right shoulder. (Burns Dep., Doc. 24, Pg. ID 481.) At that appointment, doctors noted a rotator cuff tear in Burns' right shoulder. (*Id.* at Pg. ID 482-83.)

Later, on October 28, 2020, Burns presented at Grant Bone and Joint Center after falling and experiencing pain in her right shoulder. (OhioHealth Medical Record, Doc. 29-3, Pg. ID 595.)

Burns had shoulder surgery for her rotator cuff tear on November 5, 2020. (Burns Dep., Doc. 24, Pg. ID 477.) She also had surgery for her right ankle fracture in March 2021. (*Id.* at Pg. ID 483-84.) Because of these injuries, Burns maintains that she is limited in the sorts of work she can perform, and she feels as though her life has been negatively impacted. (*Id.* at Pg. ID 489-96.)

In years prior to the slip-and-fall incident, Burns experienced minor injuries to the right side of her body. (Burns Dep., Doc. 24, Pg. ID 455-62.) Relevant here, on September 23, 2019, Burns sprained her right ankle. (*Id.* at Pg. ID 464-65.) That injury healed within a few days. (*Id.* at Pg. ID 465-66.) Burns maintains that she suffered no long-term issues

3

from those previous injuries and that all of her ongoing medical issues are related to the slip-and-fall. (*Id.* at Pg. ID 453, 456, 459, 460-64, 467.)

Upon a review of Burns' medical history, Walmart's medical expert, Dr. John Brannan, found that he was uncertain when exactly Burns' ankle became unstable and required surgery. (Brannan Decl., Doc. 28-1, Pg. ID 560.) When asked whether the slip-and-fall incident caused Burns' shoulder injury, Walmart's expert ignored the question and simply noted the later fall in October 2020. (*Id.* at Pg. ID 559.)

## LAW

When there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law, the district court shall grant summary judgment. Fed. R. Civ. P. 56(a). The moving party has the burden to conclusively show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If the moving party meets that burden, then it becomes the nonmoving party's responsibility to point to specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

A court is under no obligation to search the record for genuine issues of material fact. *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1087 (6th Cir. 1996). A "mere scintilla" of evidence in support of the nonmoving party's position is not enough to avoid summary judgment. *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005). Rather, to preclude summary judgment, the nonmoving party must put forward probative evidence on which a jury could reasonably reach a verdict in that party's favor. *Anderson*,

4

477 U.S. at 251-52; *Lansing Dairy*, 39 F.3d at 1347. If the nonmoving party fails to make the necessary showing for an element upon which it has the burden of proof, then the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

## ANALYSIS

Burns brings two claims against Walmart: vicarious liability and failure to warn. (Compl., Doc. 4, ¶¶ 16-27.) As detailed more fully below, Burns' failure to warn claim is actually one for negligence. Walmart now moves for summary judgment on Burns' claims against it. (Motion for Summary Judgment, Doc. 29.) The Court will first consider Walmart's motion as it applies to Burns' negligence/failure to warn claim.

### I. Negligence/Failure to Warn Claim

To begin, upon a more substantive reading of Burns' failure to warn claim, it appears that the claim is actually a negligence claim against Walmart.

Under Federal Rule of Civil Procedure 8(f), "all pleadings shall be so construed as to do justice." The Sixth Circuit has interpreted Rule 8(f) to "require that [the court] not rely solely on labels in a complaint, but that [the court] probe deeper and examine the substance of the complaint." *Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001). To be sure, "[t]he label which a plaintiff applies to his pleading does not determine the nature of the cause of action." *United States v. Louisville & Nashville RR. Co.*, 221 F.2d 698, 701 (6th Cir. 1955).

The substance of Burns' failure to warn claim reveals that it is in fact one for negligence. Under the "Failure to Warn" heading, Burns alleges that she was a business invitee of Walmart, that "Walmart was negligent for allowing a hazardous condition to

5

exist within their premises with no posted signage[,]" and that she suffered damages "[a]s a direct and proximate result of the aforesaid negligence committed by" Walmart. (*Id.* at ¶¶ 21, 23-27.) This claim explicitly states the elements of negligence, discussing damages caused by a breach of Walmart's duty to its invitees. *See Lang v. Holly Hill Motel, Inc.*, 909 N.E.2d 120, 122-23 (Ohio 2009). In substance, then, Burns' failure to warn claim is one for negligence. This reading aligns with the parties' briefing, as both parties proceed as if a negligence claim were brought against Walmart. (*See* Motion for Summary Judgment Briefing, Docs. 29, 35, & 36.) Thus, the Court construes Burns' failure to warn claim as a negligence claim and proceeds accordingly.

To succeed on a negligence claim under Ohio law, a plaintiff must establish that: "(1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff to be injured." *Lang*, 909 N.E.2d at 122-23.

The duty a landowner owes to an individual is determined by whether the individual is an invitee, licensee, or trespasser. *Hernandez-Butler v. Ikea U.S. E., LLC*, 435 F. Supp. 3d 816, 822 (S.D. Ohio 2020). It is undisputed that Burns was an invitee of Walmart on the day she slipped and fell. Because Burns was an invitee of Walmart, Walmart owed Burns "a duty of reasonable care." *Id.* at 822. This includes the following duties:

> (1) to avoid injuring an invitee by negligent activities, (2) to warn invitees of latent or hidden dangers known to the store owner, (3) to make reasonable inspections of the business premises to discover any potential danger, and (4) to take reasonable precautions to protect invitees from dangers that are foreseeable from the arrangement or use of the premises.

6

*Id.* Further, for a plaintiff to show a breach of a duty owed to a business invitee in a slip-and-fall case under Ohio law, the plaintiff must establish one of the following:

> (1) [t]hat the defendant through its officers or employees was responsible for the hazard complained of; or (2) [t]hat at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or (3) [t]hat such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.

*Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 476-77 (6th Cir. 2010) (quoting *Combs v. First Nat'l Supermarkets, Inc.*, 663 N.E.2d 669, 670 (Ohio Ct. App. 1995)).

Walmart moves for summary judgment on Burns' negligence/failure to warn claim for three reasons. Walmart first argues that it had no duty to warn Burns of the puddle because it was open and obvious. (Motion for Summary Judgment, Doc. 29, Pg. ID 572-75.) Next, Walmart argues that it did not breach its duty to warn because it was not on notice of the puddle. (*Id.* at Pg. ID 575-79.) Finally, Walmart argues that its actions did not cause Burns' alleged damages. (*Id.* at Pg. ID 579-83.) The Court will consider each argument in turn.

### a. Open and Obvious

Walmart first argues that it cannot be held liable for negligence because the puddle was open and obvious. (Motion for Summary Judgment, Doc. 29, Pg. ID 572-75.) Ohio law holds that a store owner's duty of care does not include a duty to warn customers of, or protect customers from, any "open and obvious" dangers inside the store. *Sidle v. Humphrey*, 233 N.E.2d 589, 591 (Ohio 1968). An open and obvious hazard is one that is

7

"in plain view and is readily discoverable upon ordinary inspection." *Bittner v. Wal-Mart Stores EAC, Inc.*, No. 3:16-cv-151, 2017 U.S. Dist. LEXIS 94011, at *3 (S.D. Ohio June 19, 2017). Because "[t]he open and obvious nature of the hazard itself serves as a warning," the property owner "may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Id.* at *2.

When determining whether a hazard is open and obvious, the question "is not whether [a plaintiff] observes the condition, but whether the condition is capable of being observed." *Nicoll v. Centerville City Schools*, 102 N.E.3d 1212, 1216 (Ohio Ct. App. 2018). "That is, the test is not subjective (did this plaintiff in fact observe the condition?), but rather objective (would a reasonable person in the plaintiff's position have observed the condition?)." *Hernandez-Butler*, 435 F. Supp. 3d at 823 (citing *Armstrong v. Lakes Golf and Country Club, Inc.*, 98 N.E.3d 328, 335 (Ohio Ct. App. 2018)); *see also Paschal v. Rite Aid Pharm., Inc.*, 480 N.E.2d 474, 475 (Ohio 1985) (A danger is open and obvious either when the plaintiff actually knew about the danger or when the danger is "so obvious and apparent" that the plaintiff "may reasonably be expected to discover" the danger.). "[W]here reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine." *Szerszen v. Summit Chase Condos.*, No. 09AP-1183, 2010 Ohio App. LEXIS 3815, at *3 (Ohio Ct. App. Sept. 23, 2010) (citations omitted).

For example, courts have found that a clear liquid on a store's floor does not constitute an open and obvious danger, absent some further condition putting the plaintiff on notice to exercise caution. *See, e.g., Kidder v. Kroger Co.*, No. 20405, 2004 Ohio

8

App. LEXIS 3874, at *3 (Ohio Ct. App. Aug. 13, 2004) (mop water on floor not open and obvious); *Jones v. Kroger Co.*, No. 19485, 2003 Ohio App. LEXIS 4083, at *1 (Ohio Ct. App. Aug. 29, 2003) (water tracked in from outside open and obvious danger when it was raining); *Adams v. Wal-Mart Stores, Inc.*, No. 1:19-cv-551, 2022 U.S. Dist. LEXIS 40334, at *6-9 (S.D. Ohio Mar. 8, 2022) (brown coffee against brown floor not open and obvious).

Here, the Court cannot say, as a matter of law, that the puddle was an open and obvious danger. Burns maintains that the puddle consisted of a clear substance. (Burns Dep., Doc. 24, Pg. ID 248, 432-36.) Walmart points to photographs taken after the incident showing black marks in the area of Burns' fall to contest whether the puddle was actually clear. (Reply in Support, Doc. 36, Pg. ID 683.) But Burns maintains that those marks were not there when she fell and were instead the result of shoe markings produced after her fall. (*See* Burns Dep., Doc. 24, Pg. ID 429-32, 445.) Consequentially, there is a genuine dispute over whether the puddle was clear. A reasonable juror could find that a clear puddle would not have been an obvious danger to a customer exercising ordinary care in a grocery-store setting. *See Kidder*, 2004 Ohio App. LEXIS 3874, at *3. Thus, whether the puddle constituted an open and obvious danger is better suited for a determination by a jury.

The cases Walmart cites to argue that the puddle was open and obvious are inapplicable here. Walmart first relies on *Smith v. Kroger Co.*, 2011-Ohio-1871, 2011 Ohio App. LEXIS 1591 (Ohio Ct. App. Apr. 18, 2011), to argue that a clear substance can still be an open and obvious danger. (Reply in Support, Doc. 36, Pg. ID 682.) But in *Smith*, the plaintiff admitted that, although he had not actually seen the clear mop water on which

9

he slipped, it would have been visible to him from ten feet away had he looked. *Id.* at *2. Here, Burns has made no such admission as it relates to the puddle. Walmart also relies on *Davis v. Kmart Corp.*, 4:10-cv-2127, 2011 U.S. Dist. LEXIS 116385 (N.D. Ohio Oct. 7, 2011), to suggest that the size of the puddle was large enough to be open and obvious. (Reply in Support, Doc. 36, Pg. ID 682.) But the slip-and-fall in *Davis* was caused by a puddle of milk the size of the "top of a coke can." *Kmart Corp.*, 2011 U.S. Dist. LEXIS 116385, at *4. Here, the puddle—though a foot in diameter—consisted of an allegedly clear substance. (Burns Dep., Doc. 24, Pg. ID 429-36, 445.) Ohio courts have found that even large puddles of clear liquid may not be open and obvious. *See Klein v. Kroger Co.*, No. L-96-135, 1997 Ohio App. LEXIS 176, at *1 (Ohio Ct. App. Jan. 24, 1997) (puddle of water with dimensions of three feet by three feet in store not open and obvious).

Accordingly, there is a genuine dispute over whether the puddle was an open and obvious danger.

### b. Notice

Walmart next argues that summary judgment should be entered in its favor because Walmart was not on notice of the puddle. (Motion for Summary Judgment, Doc. 29, Pg. ID 575-79.) While store owners owe a duty of ordinary care to their customers, "they are not insurers against all accidents and injuries to such patrons while in the store." *Johnson v. Wagner Provision Co.*, 49 N.E.2d 925, 927 (Ohio 1943). Accordingly, it is incumbent upon a plaintiff in a slip-and-fall case to introduce evidence demonstrating that: "(1) the defendant was responsible for placing or creating the hazard, (2) the defendant had actual notice of the hazard and failed to give the plaintiff adequate notice

10

of its presence or remove it promptly, or (3) that the hazard had existed for a sufficient length of time as to warrant the imposition of constructive notice, i.e., the hazard should have been found by the defendant." *Anderson v. Jancoa Janitorial Servs.*, No. CA2019-01-018, 2019 Ohio App. LEXIS 3706, at *12 (Ohio Ct. App. Sept. 9, 2019) (citation omitted).

Burns has demonstrated that Walmart was provided actual notice of the puddle by another customer, Shandell Godfrey. In her affidavit, Godfrey states that she slipped on the puddle and nearly fell. (Godfrey Aff., Doc. 32, Pg. ID 605.) After that, Godfrey notified a Walmart employee of the spill. (*Id.*) After being notified, the Walmart employee simply walked away. (*Id.*) Godfrey then told another Walmart employee about the spill when Burns fell. (*Id.*) Though Walmart was on notice of the puddle, Walmart failed to put out a warning or otherwise clean it up. Walmart maintains it was not provided enough time to respond to Godfrey's notice (Reply in Support, Doc. 36, Pg. ID 684-86), but Walmart cannot point to any caselaw holding that a certain period of time must pass after notice of a hazard before a store must respond. In fact, the standard requires that, after actual notice, a store must respond "promptly" to the hazard. *Jancoa*, 2019 Ohio App. LEXIS 3706, at * 12. Accordingly, Walmart had actual notice of the puddle and failed to promptly remedy it.

Walmart argues that this Court should disregard Godfrey's affidavit because it contains hearsay and is otherwise unreliable. (Motion for Summary Judgment, Doc. 29, Pg. ID 556-67; Reply in Support, Doc. 36, Pg. ID 684-86.) The Federal Rules of Civil Procedure provide that "[w]hen a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on

11

depositions." Fed. R. Civ. P. 43(c). An affidavit offered in opposition to summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e).

Walmart first argues that Godfrey's affidavit does not sufficiently demonstrate that she had personal knowledge of the facts contained therein. (Reply in Support, Doc. 36, Pg. ID 684.) In support of this argument, Walmart points to Godfrey's statement that she witnessed Burns' fall (Godfrey Aff., Doc. 32 Pg. ID 605), which contradicts Burns' testimony that Godfrey only heard Burns' fall. (Burns Dep., Doc. 24, Pg. ID 427-40.) But Walmart has provided no caselaw that holds that an inconsistency between two people's recollections negates personal knowledge. To be sure, Godfrey has described the basis for her personal knowledge of the facts set forth in her affidavit: she was at the store when the incident happened and slipped on the puddle herself. (Godfrey Aff., Doc. 32, Pg. ID 605.) These facts are sufficient to demonstrate that Godfrey had personal knowledge of the contents of her affidavit. *See Reddy v. Good Samaritan Hosp. & Health Ctr.*, 137 F. Supp. 2d 948, 956 (S.D. Ohio 2000) ("[I]t must be evident from the affidavit that the facts contained therein are based on personal knowledge."). Accordingly, Walmart's argument that Godfrey lacked personal knowledge to support her affidavit fails.

Walmart next argues that the statements made in Godfrey's affidavit are inadmissible as hearsay. (Motion for Summary Judgment, Doc. 29, Pg. ID 577; Reply in Support, Doc. 36, Pg. ID 684.) "[E]vidence submitted in opposition to a motion for summary judgment must be admissible. Hearsay evidence . . . must be disregarded." *U.S.*

12

*Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1189 (6th Cir. 1997). "The definition of hearsay is the same under both the Ohio and Federal Rules of Evidence." *Anthony v. DeWitt*, 295 F.3d 554, 563 (6th Cir. 2002) (citations omitted). "That is, hearsay is defined as 'a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.'" *Id.* (quoting Ohio Evid. R. 801(C) & Fed. R. Evid. 801(c)). "Evidence is not hearsay if it is not offered to prove the truth of the matter asserted." *Id.* (citations omitted).

The statements made in Godfrey's affidavit do not constitute hearsay. The only out-of-court statements in the affidavit relate to Godfrey's conversations with Walmart employees about the puddle. (*See* Godfrey Aff., Doc. 32, Pg. ID 605.) But these statements are not being offered to prove the truth of the matter asserted therein. Burns is not using these statements to prove that a puddle existed on the floor. Rather, Burns seeks to use these statements as evidence of actual notice to Walmart of the puddle. To be sure, the significance of these statements lies not in the content of the words, but "in the fact that the words were spoken." *United States v. Hathaway*, 798 F.2d 902, 905 (6th Cir. 1986). Thus, the out-of-court statements in Godfrey's affidavit are admissible as non-hearsay.

Godfrey notified Walmart of the puddle before Burns' fall. (*See* Godfrey Aff., Doc. 32 Pg. ID 605.) Walmart failed to put out a warning or otherwise clean up the puddle. (*Id.*) Accordingly, Walmart had actual notice of the hazard.

### c. Causation

Finally, Walmart argues that summary judgment should be entered in its favor because Burns cannot demonstrate causation. (Motion for Summary Judgment, Doc. 29,

13

Pg. ID 579-83.) A defendant is liable under a theory of negligence only for damages caused by a breach of its duty. *Hester v. Dwivedi*, 733 N.E.2d 1161, 1167 (Ohio 2000). Specifically, the defendant's conduct or omission must be both the actual cause and proximate cause of the harm. *Walls v. Durrani*, No. C-200167, 2021 Ohio App. LEXIS 4255, at *6 (Ohio Ct. App. Dec. 10, 2021) (citation omitted).

The standard test for actual causation is a "but for" test. *Anderson v. St. Francis St. George Hosp.*, 671 N.E.2d 225, 227 (Ohio 1996). A defendant's conduct is the actual cause of the harm if the harm would not have occurred but for the defendant's act or failure to act. *Id.*

Next, negligent conduct is the proximate cause of an injury if the injury is the natural and probable consequence of the conduct. *Mussivand v. David*, 544 N.E.2d 265, 272 (Ohio 1989). An injury is the natural and probable cause of the negligent conduct if the injury might and should have been foreseen. *Id.* An injury is foreseeable if a reasonably prudent person, under the same or similar circumstances, would have anticipated that injury to another was the likely result of his conduct. *Id.* Normally, proximate cause involves questions of fact and cannot be resolved through summary judgment. *Whiteleather v. Yosowitz*, 461 N.E.2d 1331, 1334 (Ohio Ct. App. 1983).

A defendant may be relieved of liability for his negligent conduct if an intervening act breaks the causal connection between the defendant's negligence and the injury. *Berdyck v. Shinde*, 613 N.E.2d 1014, 1024 (Ohio 1993). Whether an intervening act breaks the causal connection depends on whether that intervening cause was reasonably foreseeable by the one who was guilty of the negligence. *Cascone v. Herb Kay Co.*, 451

14

N.E.2d 815, 819 (Ohio 1983). Generally, questions relating to intervening acts are questions to be resolved by the finder of fact. *Id.* at 820.

Walmart argues that Burns cannot prove that Walmart's alleged negligence caused Burns' ankle and shoulder injuries. (Motion for Summary Judgment, Doc. 29, Pg. ID 580-81.) In making this argument, Walmart does not clarify whether it is referring to actual or proximate cause. (*See id.*) In the original Motion for Summary Judgment, the argument suggests that it relates to actual cause. (*Id.*) But in its Reply in Support, Walmart explicitly attaches its argument to proximate cause. (Reply in Support, Doc. 36, Pg. ID 686.) In any event, Walmart cannot show that there is no genuine issue of material fact pertaining to causation generally.

Burns maintains that after falling, she experienced pain in various parts of the right side of her body. (Burns Dep., Doc. 24, Pg. ID 447-49.) Burns was later diagnosed with a rotator cuff tear in her right shoulder and a fracture in her right ankle. (*Id.* at Pg. ID 477, 483-84.) Walmart points to Burns' history of ankle issues, inconsistent diagnoses related to her injuries, subsequent shoulder pain, and the delay in her surgeries to show that the slip-and-fall did not cause her ankle and shoulder injuries. (Motion for Summary Judgment, Doc. 29, Pg. ID 580-81.) But these facts, though suggestive, do not definitively disprove causation. To be sure, when relying on those facts, even Walmart's expert was unable to conclusively determine that the slip-and-fall incident did not cause Burns' injuries. (Brannan Decl., Doc. 28-1, Pg. ID 559-60.) Rather, Walmart's expert was "uncertain" when Burns' ankle became unstable and required surgery. (*Id.* at Pg. ID 560.) Similarly, when asked whether the slip-and-fall incident caused Burns' shoulder injury,

15

Walmart's expert ignored the question and simply noted a subsequent fall in October 2020. (*Id.* at Pg. ID 559.) Thus, the cause of Burns' ankle and shoulder injuries involves a question of material fact for the jury to determine. *See Whiteleather*, 461 N.E.2d at 1334.

\* \* \*

Accordingly, Walmart is not entitled to summary judgment on Burns' negligence/failure to warn claim.

## II. Vicarious Liability Claim

The Court now turns its attention to Burns' vicarious liability claim against Walmart. The parties have not briefed whether summary judgment should be granted in favor of Walmart for Burns' vicarious liability claim. (*See* Motion for Summary Judgment Briefing, Docs. 29, 35, & 36.) Instead, the parties solely briefed whether Walmart was negligent. (*Id.*)

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (citations omitted). The moving party's initial burden "may be discharged by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Walmart has failed to meet its initial summary judgment burden as to Burns' vicarious liability claim because its motion did not provide any argument or identify any evidence (or absence thereof) that addressed the merits of this claim. (*See generally* Motion

16

for Summary Judgment, Doc. 29.) As Walmart has not presented reasons why summary judgment should be entered on Burns' vicarious liability claim, the Court will not address it.

## CONCLUSION

Based on the foregoing, Defendant Walmart's Motion for Summary Judgment (Doc. 29) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND